# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN ANDREW KISTER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:22-cv-413-AMM-HNJ |
| **DR. WILSON,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge entered a report on July 26, 2023, recommending that the court grant Dr. Wilson's motion for summary judgment, Doc. 18, dismiss plaintiff John Andrew Kister's claims against him for deliberate indifference with prejudice, and dismiss without prejudice Mr. Kister's state-law claims against Dr. Wilson pursuant to 28 U.S.C. § 1367(c). Doc. 32 at 43. The Magistrate Judge further recommended the court deny Mr. Kister's Motion to Supplement Pleading, Doc. 27. Doc. 32 at 43. The court received Mr. Kister's timely objections on August 10, 2023. Doc. 33.

In his objections Mr. Kister argues Dr. Wilson exhibited deliberate indifference to Mr. Kister's serious medical needs because: (1) Dr. Wilson did not prescribe Kister Tramadol (or another low-level opioid/narcotic) despite knowing that medication would successfully treat Mr. Kister's pain caused by penile

neuropathy, and (2) Dr. Wilson knew that the medications he did prescribe Mr. Kister had proved ineffective in treating Mr. Kister's pain in the past. *Id.* at 1.

Mr. Kister admits Dr. Wilson did not prescribe Tramadol due to the risk of serotonin toxicity and acknowledges that patients taking both an opioid and a selective serotonin reuptake inhibitor ("SSRI") are at a higher risk of serotonin toxicity. *See id.* at 1–2. However, Mr. Kister argues Dr. Wilson should have prescribed him an opioid regardless because Mr. Kister took Tramadol with no adverse side effects for "over six consecutive months" at Bullock Correctional Facility while also taking an SSRI and Buspar. *Id.* However, as the Magistrate Judge explained in his Report and Recommendation, "[a] difference in professional opinion between doctors does not rise to the level of constitutional scrutiny." Doc. 32 at 36; *see generally id.* at 36–38. Therefore, Dr. Wilson did not exhibit deliberate indifference to Mr. Kister's penile pain because his medical judgment led him to a conclusion different than the prescribing physician at Bullock.

The record establishes: (1) Dr. Wilson declined to prescribe Mr. Kister Tramadol (an opioid) for a medical reason (fear of serotonin toxicity); (2) Dr. Wilson saw Mr. Kister for his penile pain on several occasions; and (3) Dr. Wilson responded to Mr. Kister's reports of continued penile pain on each occasion. *See id.* at 30–32 (summarizing the undisputed treatment Dr. Wilson provided Mr. Kister). Although Mr. Kister argues Dr. Wilson's treatment amounts to no treatment at all

because Neurontin had proved ineffective in the past, Mr. Kister does not dispute: (1) Neurontin, an anticonvulsant, is an accepted treatment for neuropathic pain;[1] and (2) Mr. Kister last tried Neurontin in 2006, roughly fifteen years before Dr. Wilson asked him to try the medication again. *See id.* at 8–10, 31; Doc. 33.

The record before the court does not establish a genuine issue of material fact that Dr. Wilson disregarded a known risk of substantial harm with more than gross negligence. *See generally* Doc. 32 at 30–39. As such, Dr. Wilson stands entitled to judgment as a matter of law on Mr. Kister's deliberate indifference claim against him and Mr. Kister's objection merits overruling. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

After careful consideration of the record in this case and the Magistrate Judge's report and objections, the court **ADOPTS** the report and **ACCEPTS** the

---

[1] As set forth in the Magistrate Judge's Report and Recommendation: "In 2006, Dr. Bedsole concluded 'it makes more sense to try to just treat [Kister's neuropathic pain] with something like Neurontin' and prescribed Kister Neurontin 300 mg three times a day. (Doc. 28 at 73). In 2019, urologist Dr. Newman noted he would typically prescribe Neurontin in Kister's situation. (Doc. 28 at 44)." Doc. 32 at 31. Moreover, medical literature supports Dr. Wilson's decision to prescribe Neurontin rather than Tramadol. *See*, *e.g.*, https://www.cdc.gov/drugoverdose/pdf/nonopioid_treatments-a.pdf (last visited August 25, 2023) (listing Gabapentin (the generic name for Neurontin) and certain antidepressants as "[f]irst-line agent[s] for neuropathic pain"); https://www.health.harvard.edu/pain/drugs-that-relieve-nerve-pain (last visited August 25, 2023) (listing anticonvulsants and antidepressants as nerve pain medications and noting "[n]arcotic pain relievers don't often help [nerve pain] and even when they do, they should not be used as a long term solution[]"); https://www.merckmanuals.com/home/brain,-spinal-cord,-and-nerve-disorders/pain/neuropathic-pain (last visited August 25, 2023) (stating antidepressants and antiseizure drugs "are commonly used to treat neuropathic pain" and noting that these drugs usually carry a lower risk of side of effects than opioid pain relievers).

recommendation. Consistent with that recommendation, the court **DENIES** Mr. Kister's Motion to Supplement Complaint, Doc. 27, and finds that Dr. Wilson's motion for summary judgment, Doc. 18, is due to be **GRANTED**; the claims against Dr. Wilson for deliberate indifference are due to be **DISMISSED WITH PREJUDICE**, and the state-law claims against Dr. Wilson are due to be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). A final judgment will be entered.

    **DONE** and **ORDERED** this 31st day of August, 2023.

                                                       _____
                                                      **ANNA M. MANASCO**
                                                      UNITED STATES DISTRICT JUDGE